UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

B-04-0271

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | CRIMINAL CASE NO. B-02-005-04 |
| | * | |
| ROLANDO JESUS ARAMBUL | * | |

United States District Court
Southern District of Texas
FILED

FEB 17 2004

Michael N. Milby
Clerk of Court

BRIEF IN SUPPORT OF PETITION TO VACATE,
SET ASIDE OR CORRECT SENTENCE
(PURSUANT TO 28 U.S.C. sec. 2255)

TO THE HONRABLE JUDGE OF THE COURT:

COMES NOW Petitioner, ROLANDO JESUS ARAMBUL, (hereinafter referred to as "ARAMBUL") who files this his Brief in Support of Petition to Set Aside or Correct Sentence, and in support thereof will show onto the Court as follows:

## I. JURISDICTION

This Court has jurisdiction pursuant to Title 28 of the United States Code, Section 2255.

## II. PROCEDURAL BACKGROUND

1. On **January 2, 2002,** a Grand Jury sitting in Brownsville, Texas issued a two court indictment against five defendants. ARAMBUL was indicted on both counts. Count one accused ARAMBUL of conspiracy to possess, knowingly and intentionally, a quantity exceeding 1000 kilograms of marijuana with intent to distribute. Count two accused ARAMBUL with knowingly and intentionally possessing with intent to distribute a quantity exceeding 1000 (approximately 3,961.4 pounds) kilograms of marijuana in violation of 21 U.S.C. sec. 841(a)(1); 841(b)(1)(A); 846; and 18 U.S.C. 2.

2. ARAMBUL attempted to enter a PLEA of GUILTY on more than one occasion (see Transcript of Trial Proceedings before Filemone B. Vela - Vol. 2 of 2, pages 574, line 10-21; and Sentencing Proceeding dated May 20,

- Page 1 -

2002, pages 2:20 - 4:19). However, ARAMBUL's counsel, FRED A. KOWALSKI, (hereinafter referred to as "COUNSEL") did not follow ARAMBULS direct instructions in negotiating a conditional plea agreement with the government. ARAMBUL insisted to his counsel that he wished to enter a plea of guilty prior to trial, yet his counsel ignored his client's instructions and pursued the matter to trial.

3.   On **March 13, 2002,** a jury convicted ARAMBUL on both counts and subsequently sentenced ARAMBUL to 210 months imprisonment and 5 years supervision upon his release from imprisonment.

4.   On **May 22, 2002,** ARAMBUL filed his notice of appeal.

5.   On **November 26, 2003,** in <u>No. 02-40862, In the United States Court of Appeals for the Fifth Circuit,</u> it was found that ARAMBUL argued only that 21 U.S.C. 841 is facially unconstitutional in light of <u>Apprendi v. New Jersey</u> 530 U.S. 466 (2000), because the statute's structure treats drug types and quantities as sentencing factors. It was further found that ARAMBUL's argument was foreclosed by <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000), but the issue was raised in order to preserve it for possible Supreme Court Review.

6.   The Fifth Circuit Court of United States Appeals affirmed the conviction and sentence of ARAMBUL.

### III.   STATEMENT OF THE ISSUES

1.   ARAMBUL was denied his right to effective assistance of counsel; and

2.   ARAMBUL was unconstitutionally denied his right to enter a plea of guilty to the charges, further denying him the benefit of any offense level reduction that is afforded to him by the Federal Guidelines for acceptance of responsibility.

### IV.   ARGUMENT AND AUTHORITIES

1.   ARAMBUL was denied effective assistance of counsel. The Sixth

- Page 2 -

Amendment to the United States Constitution guarantees an individual the right to effective counsel. It has been held that in order to establish a constitutional violation of the right to effective assistance of counsel, a petitioner must meet two prongs. First he must show that counsel made errors so serious that counsel was not functioning as "counsel" as guaranteed by the Sixth Amendment. This prong is met by showing that counsel's acts or omissions did not meet an objective standard of reasonableness. Second, a petitioner must show that he was prejudiced by counsel's performance. This second prong test is met by showing the existence of a reasonable probability that had there been an absence of counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. See Strickland v. Washington, 466 U.S. 668 (1984); and United States v. Smith, 915 F.2d 959 (5th Cir. 1990)

It is therefore gathered that based on the arguments set forth herein that the standards of Strickland v. Washington are sufficiently met. The requirement that ARAMBUL receive effective assistance of counsel is constitutionally mandated. As dictated in United States Constitution Amendment VI; Reece v. Georgia, 350 U.S. 85, 90 (1995); and McCann v. Richardson, 397 U.S. 759, N.14 (1970).

2. Petitioner contends that his claim of ineffective assistance of counsel in this instance is governed by Penson v. Ohio, 488 U.S. 75, 88, 109 S. Ct. 346, 354, 102 L. Ed 2d 300 (1988), in which it was held that a petitioner need not prove the prejudicial prong of Stricklend v. Washington when acts or omissions of counsel resulted in the actual or constructive denial of assistance of counsel all together.

3. In the context of loss of effective assistance of counsel ARAMBUL submits prejudice occured where ARAMBUL was denied effective assistance of

counsel during the pre-trial phase of this criminal case, as ARAMBUL's case, counsel failed to follow ARAMBUL's instructions in entering a plea of guilty. Counsel's deficient performance occured in this instance in counsel's unwavering decision to pursue this matter to trial, both against ARAMBUL's wishes and against the best interest of his client.

4. Counsel advised ARAMBU1 that he would be pursuing a trial of this matter for the sole purpose of preserving ARAMBUL's right to future appeal.

5. Counsel stated to ARAMBUL that he would file an appeal when trial was over, giving ARAMBUL the impression that he had intention of prevailing at trial.

6. Counsel's failure to follow ARAMBUL's intructions were serious errors that show that counsel was not functionsing as "counsel" as guarnteed by the Sixth Amendment of the United States Constitution.

7. ARAMBUL was prejudiced by counsel's performance, inthat had counsel followed his client's instructions there would have been no trial and the result of this matters proceedings would have been different.

8. Effective assistance of counsel should have strongly suggested that ARAMBUL enter a conditional plea of guilty prior to trial, sought a plea agreement, and allowed his client to benefit from credits given to defendants for entering gulty pleas and accepting responsibility of their actions prior to trial.

9. Effective assistance of counsel would not have pursued a fruitless trial.

10. Had there been lacking counsel's deficient performance and had counsel followed his client's instructions to enter a guilty plea, there would have been no need to pursue a fruitl;ess trial, with the sole intention of preserving a, now forclosed, appeal.

11. ARAMBUL suffered a prejudicial effect where counsel failed to protect

ARAMBUL's due process right to enter a voluntary plea of guilty to the charges before him.

12. ARAMBUL suffered a prejudicial effect where counsel failed to protect his interest.

13. ARAMBUL suffered a prejudicial effect where counsel failed to appreciate the significance of a plea.

14. ARAMBUL suffered a prejudicial effect where counsel failed to explain the risks of proceeding to trial.

15. ARAMBUL suffered a prejudicial effect where counsel failed to show devotion to the interest of the accused.

16. ARAMBUL suffered a prejudicial effect by his counsel's deficient performance at trial.

17. Had ARAMBUL not been prejudiced in the matteres outlined above, a trial would not have occured in ARAMBUL's matter.

18. Had counsel followed his clients instructions, ARAMBUL would have entered a plea of guilty and would have benefited from a conditional plea agreement and/or would have benefited from a three (3) point offense level reduction, as afforded by the Federal Sentencing Guidelines Manual, Sec. 3E1.1.

19. ARAMBUL suffered a prejudicial effect where counsel failed to allow the voluntary entry of a guilty plea. ARAMBUL can now demonstrate to the court cause as a result of ineffective assistance of counsel, and prejudice. Had there been lacking counsel's errors the outcome of this matter would have been different, and ARAMBUL's sentence would not have been based on a total offense level of 34 C.H.G. 111, 210-262 months, but rather on a total offense Level 31 C.H.G. 111, 151-188 months.

20. In pursuing ARAMBUL's claim of ineffective assistance of counsel,

ARAMBUL relies on the PSR, records and transcripts contained in this file, as well as the statements made by his counsel both openly and confidentially.

21. It is further asserted that ARAMBUL's counsel performed in a manner that prejudiced him during the course of this matter, and should meet the test established by the Supreme Court in <u>Strickland</u>. The errors and deficient performance on the part of ARAMBUL's counsel should serve to relieve the GOvernment of its burden of proof, see <u>Osborn v. Shillinger</u>, 861 F 2d 612 (10th Cir. 1988).

### PRAYER

WHEREFORE PREMISES CONSIDERED, ARAMBUL prays: that the court order the Government to show cause why he should not be granted the relief requested; that the court set this matter for hearing; that upon said hearing the court consider his issues for review; that upon the courts' consideration, the court vacate his sentence and remand for re-sentencing, with the inclusion of the points allowed for acceptance of responsibility; and that he be granted just, equitable and general relief.

RESPECTFULLY SUBMITTED,

*Rolando Arambul*

ROLANDO JESUS ARAMBUL
# 82503-079
FCI - THREE RIVERS
P. O. BOX 4200
THREE RIVERS, TEXAS  78071

### Verification

I, ROLANDO JESUS ARAMBUL, declare under the penalty of perjury that the above and foregoing is true and correct to the best of my knowledge. Further Affiant Sayeth Not.

*Rolando Arambul*

DATE: 2-11-04

ROLANDO JESUS ARAMBUL