

United States District Court
Southern District of Texas
FILED

JUN 0 4 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Respondent, § | |
| § | CRIM NO. B-02-005-04 |
| vs. § | CIVIL NO. B-04-027 |
| § | |
| ROLANDO JESUS ARAMBUL, § | |
| Petitioner. § | |
| § | (Magistrate Judge Felix Recio) |

## UNITED STATES OF AMERICA'S ANSWER TO SECTION 2255 MOTION AND MOTION TO DENY RELIEF ON THE RECORD

The United States of America, hereinafter "the government", files this Answer to Rolando Jesus Arambul's (Arambul) Motion for Relief under 28 U.S.C. § 2255 and Motion to Deny Relief on the Record. In support thereof, the government would respectfully show the court the following:

I.

### JURISDICTION

Rolando Jesus Arambul challenges the judgement of conviction and sentence imposed by this court on May 20, 2002, and entered by the district clerk on June 10, 2002, (DOC 145)[1]. Arambul, on February 7, 2004, in Civil Action No. B-04-27, filed

---

[1] "DOC" refers to the docket entry in Criminal No. Cr. No. B-02-005-04, styled *United States of America v. Rolando Jesus Arambul*, in the Brownsville Division of the United States District Court for the Southern District of Texas. "PSR" refers to the presentence investigation

a Motion to vacate under 28 U.S.C. § 2255(DOC 1).

Arambul's motion is timely filed and this court is vested with jurisdiction under 28 U.S.C. § 2255.

II

GROUNDS FOR RELIEF

In his motion for § 2255 relief, Arambul advances two grounds for relief: (1) Arambul alleges he was denied effective assistance of counsel because counsel failed to enter a conditional plea of guilty pursuant to his instructions; and (2) Arambul complains that he was unconstitutionally denied his right to enter a conditional plea of guilty which denied him the benefit of an offense level reduction.

III

STATEMENT OF THE CASE

A.   Course of proceedings

On January 2, 2002, in the United States District Court for the Southern District of Texas, Brownsville Division, the grand jury returned a two-count indictment, Criminal Case No. B-02-005, charging Arambul, and several other co-defendants with drug trafficking offenses. Count One charged conspiracy to possess

---

report in the same case (DOC 132). The transcript of the sentencing hearing (DOC 166) is on file with the District Clerk.

with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Count Two charged possession with intent to distribute approximately 3,961.4 kilograms (8,715 pounds) of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2.

On January 9, 2002, Arambul entered a plea of not guilty. After a hearing on a joint motion to suppress, the district judge denied the motion and allowed the government to introduce the evidence seized during a search. After a two-day trial the jury found Arambul guilty of both counts charged in the indictment. The court denied motions for a judgment of acquittal after the Government rested.

On May 20, 2002, the district court sentenced Arambul to 210 months of imprisonment in the custody of the Bureau of Prisons, that was to be followed by a five-year term of supervised release. An appeal followed the entry of the judgments of conviction and sentence for Arambul. On December 29, 2003, the Fifth Circuit Court of Appeals entered a judgment affirming the judgment of the District Court.

B. *Statement of the Facts*

   1. Offense Conduct.

In December 2001, a confidential informant advised United States Customs Agent Brian Collentine that a very large load of marijuana was going to be transported to a residence located on North Browne Street, Brownsville, Texas. Jose

Delgado, another informant working with Customs Agent Victor Hugas, provided similar information on the aforementioned drug transaction.

Agent Collentine conducted surveillance of 1001 North Browne on December 12, 2001 from 5:00 p.m. to 10:00 p.m. but did not observe any suspicious behavior. Agent Collentine returned at approximately 4:00 a.m. on December 13, 2001, and continued surveillance. At approximately 5:00 a.m., the agent observed a white Caravan driving back and forth in a suspicious manner. The agent followed the vehicle which appeared to be conducting a "heat run"[2] around the three gates of the shrimp basin. The white Caravan eventually led the agent back to the residence at 1001 North Browne. Agent Collentine continued surveillance and noticed that many vehicles began to arrive and depart over short durations with traffic increasing around 8:30 a.m. The agent called several other law enforcement personnel to assist in trying to approach the residence and seek consent to search.

As the U.S. Customs Service agents approached the front door of the residence, and as an agent was about to knock on the door, Arambul opened the door and ran into the agent. Arambul ran back into the house, and ignoring the agents' request to stop when the agent identified himself as a law enforcement officer, hid in a closet

---

[2] A "heat run" is a driving maneuver wherein the driver conducts lookouts by driving certain routes along the planned path for the drug smuggling and drives erratically in an attempt to draw out any police in the area.

where he was apprehended and placed under arrest.

2. <u>Issues raised.</u>

Mr. Arambul raises issues which he says entitles him to the relief he seeks, that is, (1) whether he received ineffective assistance of counsel because counsel failed to negotiate a conditional plea of guilty pursuant to his instructions; and (2) whether Arambul was unconstitutionally denied his right to enter a conditional plea of guilty which denied him the benefit of an offense level reduction.

3. <u>Sentencing Hearing Notes.</u>

(i) In a colloquy with the Court, defense counsel, Lazaro Cardenas, explained to the Court that Arambul had tried to plead guilty twice and that the only reason Arambul went to trial was that the Government objected to Arambul entering a conditional plea to preserve the right to appeal his motion to suppress that had been denied (Sentencing Transcript, p. 2, lines 22-25; p.3, lines 2-7) ("ST").

(ii) In a colloquy with the prosecutor, Jody L. Young, the Court stated that Arambul attempted to plead and the plea was not taken because the Government would not make Arambul's plea conditional (ST., p. 3, lines 11-25; p.4, lines 2-13). The prosecutor reminded the Court that:

> There were a couple of times during the plea, when you were advising him of his rights of appeal, he [Arambul] said he wanted to appeal. And that was one of the things that I think broke down the plea. But I can't

tell you that was the only reason why the defendant chose not to plea. (ST., p. 4, lines 14-19.)

## IV

## ARGUMENT AND AUTHORITIES

A. <u>Ineffective assistance of counsel</u>

Rolando Jesus Arambul alleges the ineffectiveness of his defense counsel.[3] To prevail on a claim of ineffective assistance of counsel, Arambul, bears the burden of establishing both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Under the deficiency prong of *Strickland*, a judicial scrutiny of counsel's performance is "highly deferential" and "a strong presumption" is made that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied*, 509 U.S. 921 (1993) (citing *Strickland*). To overcome the presumption of competence, the petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland,* 466 U.S. at 690. Under the prejudice prong of *Strickland*, a petitioner must be able to establish that absent his counsel's deficient

---

[3] It is not clear from the record which of his defense counsel Arambul is referring to; whether it is Mr. Lazaro Cardenas or Mr. Fred Kowalski, Jr.

performance the result of his trial could have been different. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment in a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. If Arambul fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."), cert. denied, 514 U.S. 1071, 115 S.Ct. 1709 (1995); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an effective assistance claim.").

Constitutionally effective assistance of counsel under *Strickland*, is not errorless counsel. The determination of whether counsel has rendered reasonably effective assistance turns on the totality of facts in the entire record. Each case is judged in light of the number, nature and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defense. *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1983) *cert denied*, 467 U.S. 1220 (1984). The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct. *Strickland*, 466 U.S. at 690. Counsel will not be judged ineffective only by hindsight. "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the

benefit of hindsight." *Yarborough v. Gentry*, 124 S.Ct. 1, 157 L.Ed.2d 1 (October 20, 2003). Arambul must be able to show that his counsel was deficient and that the deficiency prejudiced him.

Here, the record does not support Arambul's contention that his counsel rendered ineffective assistance of counsel. To the contrary, the record affirmatively shows that defense counsel was not deficient during the trial or at the sentencing hearing and there is no evidence that any errors prejudiced Arambul within the meaning of *Strickland*.

1. **COUNSEL DID NOT RENDER INEFFECTIVE ASSISTANCE DUE TO HIS ALLEGED FAILURE TO NEGOTIATE A CONDITIONAL GUILTY PLEA PURSUANT TO ARAMBUL'S INSTRUCTIONS**

The record clearly shows that Arambul made more than one attempt to plead guilty, prior to trial, however the government would not agree to make his plea conditional because of the government's concern about an enhancement and the fact that Arambul told the Court, at sentencing, he wanted to appeal when the Court was advising him of his rights of appeal. (ST., p. 4, lines 14-19.)

2. **ARAMBUL WAS NOT UNCONSTITUTIONALLY DENIED HIS RIGHT TO ENTER A CONDITIONAL PLEA OF GUILTY WHICH, HE ALLEGES, DENIED HIM THE BENEFIT OF AN OFFENSE LEVEL REDUCTION.**

Arambul was not denied his alleged constitutional right to enter a guilty

plea for the reason that a criminal defendant has no absolute right to have his guilty plea accepted by the court. *United States v. Jackson*, 390 U.S. 570, 584; 88 S.Ct. 1209,1218 (1968), citing *Lynch v. Overholser*, 369 U.S. 705, 719, 82 S.Ct. 1063, 1072; 8 L.Ed.2d 211 (1962). (Under Rule 11, Fed. Rules Crim. Proc., the trial judge may refuse to accept such a plea.) *United States v. Crow*, 164 F.3d 229, 233 (5th Cir. 1999), citing *Lynch v. Overholser*.

C.　MOTION TO DISMISS

The United States moves for dismissal, or in the alternative, summary judgment.

V.

CONCLUSION

Arambul has not shown that his defense counsel's performance was deficient and that he was prejudiced by his counsel's alleged deficiency. Failure to satisfy either prong of the *Strickland* test is fatal to a claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 700. Moreover, the record supports the presumption that counsel's performance is deemed reasonable. Defense counsel committed no error of constitutional magnitude which caused any harm to Arambul. Simply stated, Arambul has not and cannot establish that his attorney's performance was not objectively reasonable and he further cannot show

prejudice. *Strickland* requires both and both are clearly absent in this case.

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. § 2255, Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990). In this case there is no necessity for an evidentiary hearing because the existing record shows the complete lack of merit regarding Arambul's allegations.

Although the allegations of a *pro se* complaint are held to a less stringent standard than the formal pleading drafted by lawyers, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief, the cause will be dismissed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972).

The United States respectfully requests that Rolando Jesus Arambul's §2255 Motion be dismissed with prejudice.

> Respectfully submitted,
> MICHAEL T. SHELBY
> United States Attorney
>
> JAMES L. TURNER
> Assistant United States Attorney
>
> By: _____
> JOE MIRSKY
> Assistant United States Attorney
> Attorney for respondent
> P.O. Box 61129
> Houston, Texas 77208
> State bar No. 14202000
> Fed. Id. No. 14448
> (713) 567-9513
> Facsimile: (713) 718-3302 / 3407

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Government's Answer and Motion to Dismiss Rolando Jesus Arambul's Motion For Relief Under 28 U.S.C. § 2255 has been mailed on this the 1st day of June, 2004, via certified mail, return receipt requested, to the following:

Rolando Jesus Arambul
Inmate Reg. No. 82503-079
Three Rivers Fed. Correctional Institution
P.O. Box 4200
Three Rivers, TX 78071

_____
JOE MIRSKY
Assistant United States Attorney