UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED
AUG 0 4 2004
Michael N. Milby, Clerk of Court

| | |
|---|---|
| ROLANDO JESUS ARAMBUL,<br>Petitioner, § § § | |
| v. § § | CIVIL ACTION NO. B-04-027<br>(CRIMINAL NO. B-02-005-04) |
| UNITED STATES OF AMERICA,<br>Respondent. § § | |

United States District Court
Southern District of Texas
ENTERED
AUG 0 6 2004
Michael N. Milby, Clerk of Court
By Deputy Clerk

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Rolando Jesus Arambul ("Petitioner") has filed a timely 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 1). In response, the Government filed an answer in conjunction with a motion to deny relief on the record (Docket No. 5 ). After reviewing the motion, along with the Government's answer, the Court recommends that the relief sought by the Petitioner be denied and that the Government's Motion to Dismiss be granted.

### BACKGROUND

On January 2, 2002, the Petitioner was indicted and charged with conspiracy to possess with intent to distribute a quantity exceeding 1000 kilograms of marijuana (count 1), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); he was also charged with possession with intent to distribute approximately 3,961.4 kilograms (8,715 pounds) of marijuana (count 2), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. Petitioner pleaded not guilty to both counts of the indictment. After a hearing on a joint motion to suppress, the district

judge denied the motion and allowed the government to introduce evidence seized during a search. Following a two-day trial, the jury found Petitioner guilty of both counts charged in the indictment. The court denied a motion for a judgment of acquittal after the Government rested.

Petitioner was sentenced to 210 months in prison and to a five-year term of supervised release; in addition, a $100 special assessment was imposed.

Petitioner filed an appeal challenging the constitutionality of the use of drug type and quantity as sentencing factors, as provided for in 21 U.S.C. § 841. On December 29, 2003, the Fifth Circuit Court of Appeals found that the issue was foreclosed by Fifth Circuit precedent set forth in *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir. 2000). Accordingly, the Fifth Circuit affirmed the judgment of the District Court. *See United States v. Rolando Jesus Armabul*, 82 Fed. Appx. 369, 2003 WL 22838559 (5th Cir. Nov. 26, 2003) (not designated for publication).

Following the issuance of the Fifth Circuit's decision, Petitioner filed the Section 2255 motion herein being considered. The Court ordered the United States to respond to Petitioner's motion, which they did. Accordingly, this Court is now prepared to address the issues raised in Arambul's motion.

## ALLEGATIONS

In support of his motion to vacate, Petitioner argues that: (1) his trial counsel rendered ineffective assistance by failing to enter a plea of guilty pursuant to his instructions and (2) he was unconstitutionally denied his right to enter a conditional plea of guilty, which denied him the

benefit of an offense level reduction.

## STANDARD FOR INEFFECTIVE ASSISTANCE

In order to determine if a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, the defendant must prove that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

A counselor's representation of a criminal defendant must "fall below an objective standard of reasonableness" in order for his performance to be considered constitutionally deficient. *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995). In demonstrating such a constitutional deficiency, a convicted defendant bears the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Burnett v. Collins*, 982 F.2d 922 (5th Cir. 1993).

Judicial scrutiny regarding counsel's performance is highly deferential and every effort is made to eliminate the distorting effects of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364,

372 (1993); *Burger v. Kemp*, 483 U.S. 776, 789 (1987); *Strickland v. Washington*, 466 U.S. at 689; *United States v. Drones*, 218 F.3d 496, 500-03 (5th Cir. 2000). "A strong presumption" is made that "trial counsel rendered adequate assistance and that the challenged conduct was a product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied*, 509 U.S. 921 (1993) (citing *Strickland*). An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law, are virtually unchallengeable. *See Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999); *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997), *cert. denied*, 522 U.S. 944 (1997); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *Boyle v. Johnson*, 93 F.3d 180, 187-88 (5th Cir. 1996), *cert. denied*, 519 U.S. 1120 (1997); *West v. Johnson*, 92 F.3d 1385, 1406-09 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997).

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067. "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id*. To establish that prejudice has been endured, a convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Williams v. Taylor*, 529 U.S. 362, 391; *Strickland v. Washington*, 466 U.S. at 694.

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance deprived the defendant of a fair trial, therefore rendering the result unreliable or the proceeding fundamentally unfair. *Williams v. Taylor*, 529 U.S. at 393. If the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him, then no unreliability or unfairness has resulted. *Strickland v. Washington*, 466 U.S. at 687.

Since a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong. *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d at 210. Therefore, failure to establish that counsel's performance fell below an objective standard of reasonableness renders the issue of prejudice moot. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987). Likewise, where there is an insufficient showing of prejudice it is unnecessary to consider whether counsel's performance was deficient. *See Black v. Collins*, 962 F.2d 394, 401; *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986), *cert. denied*, 482 U.S. 916 (1987); *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987). Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue. *See Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994), *cert. denied*, 513 U.S. 1054 (1994); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Russell v. Lynaugh*, 892 F.2d 1205, 1213 (5th Cir. 1989), *cert. denied*, 501 U.S. 1259 (1991).

**Standard for Acceptance of a Guilty Plea**

A criminal defendant has no absolute right to have his guilty plea accepted by the court. *United States v. Jackson*, 390 U.S. 570, 584, 88 S.Ct. 1209, 1218 (1968) (citing *Lynch v. Overholser*, 369 U.S. 705, 719, 82 S.Ct. 1063, 1072, 8 L.Ed.2d 211 (1962)). "The tender of a guilty plea either to the offense charged or to a lesser offense does not require the court to accept it; when a plea agreement has been made between the defendant and the prosecution, the court retains discretion to accept or reject their negotiated disposition." *United States v. Sanchez*, 609 F.2d 761, 762 (5th Cir. 1980) (citing *United States v. Bean*, 564 F.2d 700, 702 (5th Cir. 1977)). "The court holds the fulcrum of the scales of justice; prosecution and defendant may bargain, but weighing the result of their negotiations and deciding whether to accept or reject it is the duty as well as the province of the bench." *United States v. Sanchez*, 609 F.2d at 762.

In order for a court to accept a guilty plea, the trial judge must determine the knowing and voluntary character of the plea by "addressing the defendant personally in open court, informing him of the elements of the charge against him and of the minimum and maximum penalties fixed by law. The judge must explicitly warn the defendant of the trial rights waived ... and he must question the defendant about the existence of any circumstances ... that would endanger the voluntariness of his plea." *Frank v. Blackburn*, 646 F.2d 873, 879 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981) (per curiam) (citing Fed.R.C.P. 11 (2004)).

"The mere entry of a guilty plea ... does not entitle a defendant to a sentencing reduction for acceptance of responsibility as a matter of right." *United States v. Shipley*, 963 F.2d 56, 58 (5th Cir.1992), *cert. denied*, 113 S.Ct. 348 (1992) (citing U.S.S.G. § 3E1.1(b)). The defendant

bears the burden of proving his acceptance of responsibility by a preponderance of the evidence. *See United States v. Ayala,* 47 F.3d 688, 690 (5th Cir. 1995) (citing *United States v. Mourning,* 914 F.2d 699, 705-06 (5th Cir. 1990), and U.S.S.G. § 3E1.1(a)). While a defendant's guilty plea and truthful admissions pertaining to the conduct comprising the offense of conviction constitute significant evidence of acceptance of responsibility, such evidence "can be outweighed by conduct of the defendant inconsistent with such acceptance of responsibility." *Id.* (citing U.S.S.G. § 3E1.1 n. 3); *United States v. Diaz,* 39 F.3d 568, 571 (5th Cir. 1994).

On appeal, the district court's acceptance of responsibility determination is reviewed under a standard "even more deferential than a pure clearly erroneous standard." *See United States v. Chapa-Garza,* 62 F.3d 118, 122 (5th Cir. 1995); *United States v. Maldonado,* 42 F.3d 906, 913 (5th Cir.1995) (citing *United States v. Tello,* 9 F.3d 1119, 1122 (5th Cir.1993)). "Since the trial court's assessment of a defendant's contrition will depend heavily on credibility assessments, the "clearly erroneous" standard will nearly always sustain the judgment of the district court in this area." *United States v. Thomas,* 870 F.2d 174, 176 (5th Cir. 1989). Therefore the court's ruling "should not be disturbed unless it is without foundation." *United States v. Maldonado,* 42 F.3d at 913 (citing *United States v. Robertson,* 872 F.2d 597, 610 (5th Cir.), *cert. denied,* 493 U.S. 861, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989) (citations omitted); *United States v. Thomas,* 870 F.2d at 176; U.S.S.G. §3E1.1 n. 5.

Given the district court's absolute discretion regarding acceptance of conditional pleas, higher courts have declined to impose any consequences for a refusal to allow a them. *See United States v. Maldonado,* 42 F.3d at 913. The law affords no absolute right to enter into a conditional plea. *See United States v. Wise,* 179 F.3d 184, 186 (5th Cir. 1999); *United States v.*

*Bell*, 966 F.2d 914, 916 (5th Cir. 1992); *United States v. Daniel*, 866 F.2d 749, 751 (5th Cir. 1989) (citing *United States v. Fisher*, 722 F.2d 371, 374 (7th Cir. 1985)). Rule 11(a)(2) of the Federal Rules of Criminal Procedure allows a defendant to enter a conditional guilty plea "only with the approval of the court." *United States v. Daniel*, 866 F.2d at 751. A district court is "free to reject a conditional plea for any reason or no reason at all." *United States v. Maldonado*, 42 *F.3d* at 913 (citing *United States v. Bell*, 966 F.2d at 916)).

### Petitioner's Ineffective Assistance and Constitutional Claims

Petitioner alleges his attorney erred by recommending that he proceed with trial instead of entering a guilty plea. He further contends that his counsel's decision to go to trial unconstitutionally denied him of his right to enter a plea of guilty, which in turn denied him the benefits of a conditional plea agreement and a three point offense level reduction as afforded by U.S.S.G. § 3E1.1. However, given the context, such an act could only be considered error with the benefit of hindsight, and would have required counsel to foresee the exact sentence the district court would impose. *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *Burger v. Kemp*, 483 U.S. 776, 789 (1987); *Strickland v. Washington*, 466 U.S. at 689; *United States v. Drones*, 218 F.3d 496, 500-03 (5th Cir. 2000). Furthermore, an attorney's strategies employed in furtherance of representing a client are virtually unchallengeable. *See, e.g., Jones v. Jones*, 163 F.3d at 300.

As the Government points out, the record clearly indicates that Petitioner made two attempts to plead guilty prior to trial (Sentencing Transcript, p. 2, Ll 22-25) ("ST"). However, the Government would not agree to make his plea conditional because of its concern about an enhancement and the fact that the defendant told the court at sentencing that he wanted to appeal.

8

(ST., p. 4, Ll 14-19). Furthermore, the Petitioner's claim that he has a constitutional right to plead guilty is incorrect –at least in terms of how he apparently envisions such a right. The law does not afford an individual the right to have a guilty plea accepted and leaves determinations regarding such issues to the discretion of the court. *See, e.g., United States v. Wise*, 179 F.3d at 186.

Accordingly, Petitioner cannot show that his counsel's failure to enter a plea of guilty on his behalf was deficient or prejudicial to the point of ineffective assistance. Stated simply, Petitioner is complaining about his counsel's failure to enter into a plea agreement when, in fact, the government showed no interest in extending such an offer. The Petitioner also asserts that his counsel denied him of a constitutional right that does not exist. Therefore, Petitioner has failed to establish ineffective assistance of counsel regarding counsel's "failure" to enter a plea of guilty prior to trial. *See generally Strickland v. Washington*, 466 U.S. 668, 687 (1984).

## RECOMMENDATION

After reviewing the answer that has been filed in this case and all other documents on file, this Court has determined an evidentiary hearing is not required. *See* Rule 8(a), 28 foll. §2255. Accordingly, this Court may recommend such a disposition of the Petitioner's motion as justice dictates. *See id.* For the reasons stated in the preceding portions of this Report and Recommendation, it is recommended that Petitioner's 28 U.S.C. § 2255 Motion be DENIED. It is further recommended that the Government's Motion to Dismiss be GRANTED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and

recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except on the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from failure to object. *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE in Brownsville, Texas this 4th day of August, 2004.

Felix Recio
United States Magistrate Judge